1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thomas M. Morrow, SBN 287595
  E-Mail: tmorrow@lewitthackman.com
Heidy A. Nurinda, SBN 333188
  E-Mail: hnurinda@lewitthackman.com
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
16633 Ventura Boulevard, 11th Floor
Encino, California 91436-1865
Telephone: (818) 990-2120
Facsimile:  (818) 981-4764

Attorneys for Plaintiff,
AMADA FRANCHISE, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMADA FRANCHISE, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>AMADA HEALTH GHALCHI, a California corporation and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>2. **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a);**<br>3. **UNFAIR COMPETITION (Cal. Bus. & Prof. § 17200).**<br><br>**DEMAND FOR JURY TRIAL** |

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

Plaintiff AMADA FRANCHISE, INC., a Delaware corporation ("Plaintiff"), brings this complaint against Defendant AMADA HEALTH GHALCHI, ("Defendant") and DOES 1 through 10, inclusive, alleging as follows:

### INTRODUCTION

1. Plaintiff Amada Franchise, Inc. is the owner of the highly distinctive trademark "AMADA," which it has used in connection with transporting individuals to appointments; companionship services for senior persons and disabled adults who require assistance with activities of daily living; providing non-medical personal attendant services for senior persons and disabled adults; providing non-medical in-home personal services for senior persons and disabled adults; providing in-home support services to senior persons, namely, geriatric care management services in the nature of the coordination of necessary services and personal care for older individuals; running errands, and shopping, for senior persons and disabled adults; providing nonmedical assisted living services for senior persons and disabled adults including planning, organizing, coordinating, arranging and assisting individuals to perform daily tasks.

2. Plaintiff has offered these services and related services since at least as early as 2007.

3. Plaintiff owns a federal trademark registration for its AMADA mark, U.S. Trademark Registration Number 4,665,436, which is registered in International Classes 39 and 45 for the above services. (A copy of the registration is attached as **Exhibit A**.) The U.S. Trademark Office has deemed the registration incontestable under 15 U.S. Code § 1065.

4. Plaintiff has marketed and provided reliable transportation and in-home services for seniors and adults with disabilities under the AMADA mark for almost two decades and has invested substantial time and resources in developing the mark and goodwill associated therewith. As a result, Plaintiff's mark has come to be recognized by consumers as identifying Plaintiff and its services.

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

1   5.   Defendants are improperly seeking to benefit from Plaintiff's AMADA

2   mark by using a confusingly similar AMADA HEALTH mark as the name of their

3   health insurance management services, which can be accessed online at

4   amadahealth.com. Defendants seek to trade off the positive goodwill that Plaintiff's

5   AMADA mark enjoys among consumers, such that consumers have been and are

6   likely to continue to be misled and confused as to the source, sponsorship, affiliation

7   and/or endorsement of Defendants' services.

8   **JURISDICTION AND VENUE**

9   6.   This Court has original jurisdiction over this action pursuant to 28

10  U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the

11  United States – namely, the Lanham Act.  This Court has supplemental jurisdiction

12  pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually

13  interdependent with the federal law claims, and that arise from the same case or

14  controversy.

15  7.   Upon information and belief, this Court has personal jurisdiction over

16  Defendants in that they transact substantial business in the State of California.  By

17  way of example only, Defendants are located in California with offices in Fresno,

18  and regularly advertise their business and services online to consumers throughout

19  the United States, including this judicial district.

20  8.   Upon information and belief, venue is proper in this District pursuant

21  to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving

22  rise to the claims occurred in this judicial district.

23  9.   Upon information and belief, venue is also proper in this District

24  pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Defendants are business

25  entities subject to this Court's personal jurisdiction.

26  **THE PARTIES**

27  10.   Plaintiff AMADA FRANCHISE, INC. ("Plaintiff") is a Delaware

28  corporation, having its principal place of business at 901 Calle Amanecer, Suite 350,

*Lewitt, Hackman, Shapiro, Marshall & Harlan*
*A Law Corporation*

- 3 -

1    San Clemente, California.

2        11.    Defendant AMADA HEALTH GHALCHI ("Defendant") is a

3    California corporation, having its principal place of business at 9 River

4    Park Pl. E #430, Fresno, California.

5        12.    Plaintiff is ignorant of the true names and capacities of the defendants

6    sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants

7    by such fictitious names.  Plaintiff will seek to amend this Complaint to allege such

8    names and capacities as soon as they are ascertained. Plaintiff is informed and

9    believes, and on that basis alleges, that each of the fictitiously-named defendants is

10   in some manner responsible, liable and/or obligated to Plaintiff in connection with

11   the acts alleged herein.

12                        **FACTUAL BACKGROUND**

13       13.    Plaintiff is a Delaware corporation that was formed in or about 2013.

14   Before 2013, Plaintiff's predecessor in interest, AMADA HOME CARE, INC.,

15   owned the rights to AMADA which it had been using in connection with its

16   transportation and in-home care services since at least 2007.

17       14.    Plaintiff is the current owner of all rights in and to the AMADA mark

18   for use with transportation services and in-home care, including a federal trademark

19   registration with the U.S. Patent and Trademark Office ("USPTO").  Plaintiff owns

20   Registration Number 4,665,436, for its AMADA word mark (which protects the

21   mark in all forms). (As noted above, a copy of the registration is attached as **Exhibit**

22   **A**.) Plaintiff also has a pending application for its design mark and a stylized

23   AMADA SENIOR CARE mark, both containing the image of two hands and a heart

24   (Serial Nos. 98/934,005 and 98/934,001) which have been used in connection with

25   Plaintiff's services since at least as early as 2012.

26       15.    Plaintiff's federal trademark registration is valid and subsisting, and

27   incontestable, and is evidence that Plaintiff owns the exclusive right to the AMADA

28   mark for use related to transportation and in-home services.

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

- 4 -

16.     Plaintiff has expended substantial time and resources in developing its AMADA brand, including the goodwill associated therewith. As a result, consumers have come to recognize Plaintiff's AMADA mark as identifying Plaintiff and its reliable transportation services and in-home care.

17.     Upon information and belief, in or about 2020 – and long after Plaintiff had already established its own trademark rights – Defendant began using the mark AMADA in connection with Defendant's health management services.

18.     Defendants' use of the AMADA mark is without Plaintiff's authorization, permission or consent.

19.     Defendants were placed on constructive notice by virtue of Plaintiff's federally registered trademark long before Defendants began using the same AMADA mark in connection with Defendants' health-related services.

20.     Plaintiff also formally notified Defendants of Plaintiff's rights in and to the AMADA mark on or about December 26, 2024 through a cease-and-desist letter. The letter informed Defendants about Plaintiff's established trademark rights and registration.  Nonetheless, Defendants refused to stop using the infringing AMADA HEALTH mark. Plaintiff sent a subsequent letter on February 13, 2025, but Defendants continue to use the infringing mark.

21.     Defendants have been on actual and constructive notice of their infringement, yet continue to use the confusingly similar, AMADA HEALTH mark, in willful violation of Plaintiff's rights.

22.     At all relevant times, Defendants' misconduct was intentional, willful and malicious, such that this is an exceptional case under the Lanham Act, and enhanced damages are warranted, as well as an award of attorney fees to Plaintiff.

23.     Plaintiff is informed and believes, and thereupon alleges that, absent the intervention of this Court, Defendants' willful infringements will continue, and Plaintiff and consumers will continue to be harmed.

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

## COUNT ONE

### (Federal Trademark Infringement under 15 U.S.C. § 1114)

24.  Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

25.  Plaintiff's federally registered AMADA mark and goodwill associated therewith are of great and incalculable value, highly distinctive and arbitrary and have become associated in the public mind with Plaintiff.

26.  Upon information and belief, without Plaintiff's authorization or consent, and having actual knowledge of Plaintiff's prior rights in the AMADA mark, Defendants chose to use and still use the AMADA HEALTH mark and the amadahealth.com website that are confusingly similar to Plaintiff's AMADA mark.

27.  Upon information and belief, Defendants' health-related management services in connection with the AMADA HEALTH mark are marketed to the same consumers as those to whom Plaintiff markets services under its own AMADA brand.

28.  Defendants' unauthorized uses in commerce of the confusingly similar AMADA HEALTH mark and amadahealth.com website in connection with health-related services are likely to deceive the public into believing that Defendants' products and services are authorized by or affiliated with Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

29.  Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30.  Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

31.  Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

1    in an amount to be determined at trial, including actual damages and profits made

2    by Defendants in connection with their use of the AMADA HEALTH mark and

3    amadahealth.com website, and the costs of this action.

4        32.    Furthermore, Defendants' actions were undertaken willfully and with

5    the intention to cause confusion, mistake, or deception, thus making this case

6    exceptional under the Lanham Act and entitling Plaintiff to recover enhanced

7    damages and reasonable attorneys' fees.

8                            **COUNT TWO**

9    **(Unfair Competition & False Designation of Origin under 15 U.S.C. § 1125(a))**

10       33.    Plaintiff repeats, re-alleges and hereby incorporates by reference, as

11   though specifically pleaded herein, the allegations contained in the paragraphs

12   above.

13       34.    Defendants are using the confusingly similar AMADA HEALTH mark

14   without Plaintiff's authorization, permission or consent in connection with health-

15   related management services that are of the same general nature and type as those

16   that Plaintiff has long provided in connection with its own registered AMADA mark.

17       35.    Defendants' unauthorized uses of AMADA are likely to cause

18   confusion to the general purchasing public as to the sources of Plaintiff's and

19   Defendants' respective health-related services.

20       36.    By misappropriating and using the AMADA mark, Defendants

21   misrepresent and falsely describe to the general public the origin and source of their

22   unauthorized services and create a likelihood of confusion as to the source,

23   sponsorship, affiliation and/or endorsement of such services.

24       37.    Defendants' unlawful, unauthorized, and unlicensed services in

25   connection with the AMADA mark create express and implied misrepresentations

26   that those services are authorized or approved for or by Plaintiff, all to Defendants'

27   profit and Plaintiff's great damage and injury.

28       38.    Defendants' actions violate Section 43(a) of the Lanham Act, 15.

U.S.C. § 1125(a), because Defendants' uses of the AMADA mark in interstate commerce, in connection with Defendants' health-related management services, constitute trademark infringement, false designation of origin, and unfair competition.

39.    Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its business, goodwill and reputation.

40.    As a result of Defendants' activities, Plaintiff has been damaged in an amount to be determined at trial, including but not limited to the costs of this action.

41.    Plaintiff is entitled to recover its actual damages and Defendants' profits realized from Defendants' health-related management services in connection with the confusingly similar AMADA HEALTH mark.

42.    Furthermore, Defendants' continued willful violation of Plaintiff's rights with full knowledge of said rights entitles Plaintiff to recover enhanced damages and reasonable attorneys' fees.

<u>**COUNT THREE**</u>

**(California State Unfair Competition)**

**(California Business and Professions Code §§ 17200 *et seq.*)**

43.    Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

44.    California Business and Professional Code section 17200, *et seq.* (the "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.

45.    Defendants, in their unauthorized use of "Amada," have caused or are likely to cause confusion between Plaintiffs and Defendants.

46.    Defendants have committed acts of unfair competition as defined by the UCL. The aforesaid acts by Defendants are likely to cause injury to Plaintiff's

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

reputation and result in Defendants' unfairly competing with Plaintiff in violation of the UCL.

47.    Defendants' actions as alleged above violate the "unfair" prong of the UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Plaintiff; (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers; and (c) such actions constitute incipient violations of federal laws.

48.    Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

49.    Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also violate the state and federal statutes set forth in the Counts above.  Defendants' violation of each of those statutes represents an independently actionable unlawful business practice in violation of the UCL.

50.    The UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition.

51.    As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has suffered a monetary loss in an amount to be proven at trial. Accordingly, Plaintiff is entitled to restitution and/or disgorgement of profits realized by Defendants by reason of Defendants' unlawful acts.

52.    Defendants' conduct has injured Plaintiff and unless enjoined, will continue to cause great, immediate and irreparable injury to Plaintiff.

53.    Plaintiff is without an adequate remedy at law, and is therefore entitled to injunctive relief, equitable relief, and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203.  If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.  Plaintiff is

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

therefore entitled to injunctive relief, enjoining Defendants from continuing to the use the AMADA HEALTH mark and the amadahealth.com website in connection with health-related management services in the United States.

### DEMAND FOR JURY TRIAL

54.     Plaintiff AMADA FRANCHISE, INC., hereby demands a trial by jury for all issues so triable in this action.

### PRAYER

**WHEREFORE**, Plaintiff demands judgment as follows:

1.     That Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be permanently enjoined and restrained:

a.     from using in any manner the mark AMADA, alone or in combination with any word or words, as part of a mark, logo, trade name, domain name or website URL (including but not limited to amadahealth.com) in connection with health-related management services as well as the advertising, offering for sale or sale of health-related management services;

b.     from passing off, inducing, or enabling others to sell or pass off any good or service as affiliated with, authorized or approved by Plaintiff;

c.     from committing any acts calculated to cause purchasers to believe that Defendants' goods or services are those sold under the control and supervision of Plaintiff, or are sponsored, affiliated, endorsed, or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d.     from further infringing Plaintiff's AMADA mark and damaging Plaintiff's goodwill; and

e.     from otherwise competing unfairly with Plaintiff.

2.     That Defendants account for and pay over to Plaintiff profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the

amount of damages from their infringements of Plaintiff's AMADA mark be increased by a sum not exceeding three times the amount thereof as provided by law.

3.    That Plaintiff be awarded damages in an amount to be determined at trial for Defendants' willful infringements of the AMADA mark.

4.    That Plaintiff be awarded punitive damages in an amount to be proven at trial.

5.    That Plaintiff be awarded reasonable attorneys' fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth in 15 U.S.C. § 1117.

6.    That Defendants be ordered to disgorge all their ill-gotten gains pursuant to California Business and Professions Code § 17203.

7.    For all such further relief as the Court finds proper.

Dated:    July 10, 2025          LEWITT, HACKMAN, SHAPIRO,
                                 MARSHALL & HARLAN


                                 By: */s/  Thomas M. Morrow*
                                     THOMAS M. MORROW
                                     HEIDY A. NURINDA

                                     Attorneys for Plaintiff,
                                     AMADA FRANCHISE, INC.