UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADA FRANCHISE, INC., | Case No. 1:25-cv-00837-KES-EPG |
| Plaintiff, | |
| v. | ORDER GRANTING STIPULATED MOTION FOR A PROTECTIVE ORDER, IN PART |
| AMADA HEALTH CHALCHI, | |
| Defendant. | (ECF No. 18) |

This matter is before the Court on the parties' stipulated motion for a protective order. (ECF No. 18). Upon review, the Court will grant the parties' motion for a protective order, in part.

The parties define confidential information subject to protection to include information of either Party that is not presently publicly known, and that either Party subjectively, in good faith, is not comfortable publishing. Specific, nonlimiting examples include, e.g., financial information, business strategy, information relating to specific customers of either Party, future business plans, staffing levels, organization charts, and the like.

More particularly, a Party or third party shall designate any Material as confidential under the terms of this Stipulated Protective Order only if its counsel believes in good faith that such Material qualifies for protection under Federal Rules of Civil Procedure 26(c).

(ECF No. 18, pp. 1-2).

The Court grants the motion for a protective order to the extent that confidential information or items are limited to the specific examples given, *e.g.*, "financial information, business strategy, information relating to specific customers of either Party, [etc.]" The Court

1

rejects any broader definition that allows the parties to deem information confidential because they subjectively believe in good faith that it qualifies for protection or are otherwise not comfortable publishing it.

Additionally, the Court notes that the parties agree that the "[protective] Order may be amended without leave of the Court by the agreement of counsel for the parties in the form of a Stipulation that shall be filed in this action." (*Id.* at 15). To the extent that the parties are asserting that a court order may be amended without the Court's approval through a stipulation, they are advised that this is incorrect. To be binding, any proposed alteration to any court order must first be approved by the Court.

Similarly, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as following other procedures than provided under the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (ECF No. 18, p. 8; *see* ECF No. 17, p. 4; Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

Accordingly, IT IS ORDERED that the parties' stipulated motion for a protective order (ECF No. 18) is granted, in part, as specified above.

IT IS SO ORDERED.

Dated:   **November 17, 2025**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

2